JAMES MAGUIRE *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk.    March 5. — June 19, 1874.    WELLS & ENDICOTT, JJ., absent.

In an action for an injury caused by the alleged unskilful driving of a person, evidence of similar negligent acts on his part at other times is not admissible.

The admission of material, incompetent evidence under objection is ground for a new trial, although neither counsel nor court alludes to it afterwards in the course of the trial.

The fact that a person injured by the negligence of the driver of a horse-car was intoxicated at the time of the accident will not prevent his maintaining an action for damages unless his intoxication contributed to the injury.

Standing on the front platform of a horse-car when there is room inside, is not of itself conclusive evidence that a person injured by the negligence of the driver of the car was not in the exercise of due care.

TORT for an injury sustained by the plaintiff while a passenger in one of the defendant's horse-cars, by being thrown from it by the alleged carelessness of the driver.    At the trial in the Superior Court, before *Devens*, J., the plaintiff testified that in May, 1871, he was a passenger on one of the defendant's horse-cars, which had no conductor, and was driven by a man usually employed as a watchman, but who also was employed by the defendant once or twice in the evening to drive.    The plaintiff also stated that when he entered the car he observed the seats within were full, and took his place on the front platform beside the driver; that the driver started his horses upon a run, and when he had ridden about half a mile, and the car was going down a declivity, the driver suddenly reined in the horses and applied the brake, and stopped the car, and he was thereby thrown from the platform and fell upon his side, and the wheel crushed his arm.

" The plaintiff also called as a witness a man who, previous to the accident, had been in charge of the stables of the defend-

ant at Medford, who stated that he had hired for the company the driver of the car from which the plaintiff was thrown, and that this driver had driven but four or five times over the road, and the witness had seen him stop several times very suddenly, and the defendant objecting to such evidence, the counsel of the plaintiff proceeded no further with the inquiry, and thereupon the defendant took exception to this evidence."

The evidence at the trial was conflicting on the points whether the car stopped suddenly, and whether the plaintiff was intoxicated at the time of the accident.

The defendant requested the court to instruct the jury that if the plaintiff was standing on the front platform of the car, when there was room for him to have gone inside, and fell, or was thrown to the ground, that he could not recover; but the court declined so to rule, and left it to the jury to determine under all the circumstances of the case as proved, whether or not the plaintiff had shown that he was in the use of due care when he met with the injury.

The defendant also requested the court to instruct the jury that if the plaintiff was intoxicated at the time he received the injury, he could not recover; but the court declined to do so, and instructed the jury that if they were satisfied that the plaintiff was intoxicated, and that his intoxication contributed to the injury, then the plaintiff could not recover.

The jury found for the plaintiff, and the defendant alleged exceptions to these rulings and refusals to rule.

*L. M. Child & H. N. Sheldon*, for the defendant.

*E. H. Derby & W. C. Williamson*, for the plaintiff.

AMES, J. The only error that occurred in the trial in the court below was in the admission of the testimony that the driver had been seen on several previous occasions to stop the car suddenly. The plaintiff's complaint was that in consequence of a sudden stop he was thrown from the platform, and injured by being run over. The question for the jury, supposing he had satisfied them that he was in the exercise of due care, was as to the exercise of the like degree of care on the part of the defendant at the time of the accident. The fact that the same driver had at some other times been guilty of careless or unskilful management could have no legitimate bearing upon the question as to

the care or skill exhibited at the time in controversy. This evidence was objected to, and the plaintiff's counsel appear to have yielded to the objection, and to have proceeded no further in this line, of inquiry. It is true that it does not appear that it was afterwards alluded to, either by the counsel or the court, but it had been given in the trial, and we do not find anywhere any instruction to the jury to disregard it. It is impossible to say that it did not have some influence upon their decision, and the case therefore comes within the rule laid down in *Brown* v. *Cummings*, 7 Allen, 507. See also *Ellis* v. *Short*, 21 Pick. 142 ; *Farnum* v. *Farnum*, 13 Gray, 508. The plaintiff had ceased to pursue the inquiry, but the evidence, so far as he had gone, was in, against the defendant's objection. The only way to prevent the jury from regarding it as legal and material was to give them a distinct ruling that it was not so, and this does not appear to have been done.

Upon this point only we find it necessary to

*Sustain the exceptions.*