LOUIS E. TREAT *vs.* BOSTON & LOWELL RAILROAD
CORPORATION.

Suffolk. May 5. — Sept. 6, 1881. LORD & ALLEN, JJ., absent

A passenger in a car of a railroad corporation, on the train approaching the station to which he was going, which was a flag station, and at which the conductor had promised him to stop the train, left his seat and tried to make his way to the door of the car, in order to leave the train at the station. It was a day of great public excitement, and the train, which was a very long one, was overloaded with people, who filled all the seats, passageways, and platforms, and even occupied the roofs of the cars. The train did not come to a full stop on reaching the station, and the passenger, in making his way through the crowd, reached the platform, and, in the surging of the crowd, fell, or was pushed out on the platform and down the steps of the car; and, after holding on with one hand for a short distance, he finally fell to the ground and was injured. *Held,* in an action by him against the railroad corporation, that the question whether the plaintiff was in the exercise of due care, and whether the defendant negligently and improperly managed its train so that the plaintiff's injury was caused thereby, should have been submitted to the jury.

TORT for personal injuries occasioned to the plaintiff by being thrown from a car on the defendant's railroad. Answer, a general denial. At the trial in this court, before *Ames,* J., the plaintiff offered to prove the following facts:

On April 19, 1875, that being the day of the centennial celebrations at Lexington and Concord, the plaintiff purchased a ticket at Boston for Lexington. He took his seat seasonably in the car, and, on being called upon, gave up his ticket to the conductor, requesting that he would stop at Munroe station. The conductor took the ticket, saying, "I cannot punch it, but I will stop the train at that station." Munroe station is a flag station, a little east of Lexington. There was a great crowd of passengers, filling up all the seats, passageways and platforms, and many passengers got upon the roofs of the cars. The train was very long and heavy, and did not start until long after the advertised time. On approaching Munroe station, the plaintiff left his seat, and tried to make his way towards the door, in order to leave the train at that station. The train did not come to a full stop on reaching it; but the plaintiff, in making his way through the crowd, reached the platform, and, in the surging of the crowd, fell, or was pushed out on the

platform and down the steps of the car; and, after holding on with one hand for a short distance, he finally fell to the ground and was injured. It was a day of great excitement and confusion, and the defendant's cars were overloaded by the crowd.

The judge ruled, at the defendant's request, that these facts, if proved, would not enable the plaintiff to maintain his action; directed a verdict for the defendant; and reported the case for the determination of the full court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, the case to stand for trial.

*J. W. Hubbard*, for the plaintiff.

*J. H. George* (of New Hampshire) & *H. E. Morse*, for the defendant.

DEVENS, J. On both the material questions involved, there was evidence which should have been submitted to the jury.

The plaintiff did not appear to have been in the position of one who at his own risk voluntarily assumes an exposed position not intended for passengers. *Gahagan* v. *Boston & Lowell Railroad*, 1 Allen, 187. *Todd* v. *Old Colony Railroad*, 3 Allen, 18, and 7 Allen, 207. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429. He had been promised that the train should stop at Monroe station, and was justified in making proper preparations to leave the car there. It was a flag station, where the stop would ordinarily be very short, and the difficulty of extricating himself from a crowd, so great as to have overflowed the seats, passageways and platforms, and even invaded the roof, was evidently considerable. He did not fail in due care, if his conduct was that of a reasonably prudent man, and whether it was so under all the circumstances in which he was placed was a question of fact. It could not be held as matter of law that he was careless, because, as the train approached Munroe, he rose from his seat, endeavored to make his way to the door, in order to leave the car, and, having reached the platform, there fell or was pushed out by the surging crowd which had occupied it. *Barden* v. *Boston, Clinton & Fitchburg Railroad*, 121 Mass. 426. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239.

Upon the inquiry whether the defendant had negligently and improperly managed its train, by reason whereof the injury to

the plaintiff had occurred, there was also evidence of such a character that the court could not rule conclusively in its favor.

Having agreed to stop at Munroe, the defendant failed to bring its train to a full stop there. Whether it failed to do so by reason of any disturbance from the crowd which had overloaded its cars, or whether it so checked the speed of the train that it deemed that passengers could safely leave the train, and intended they should do so, does not clearly appear. But the failure to stop the cars fully may have been an act of negligence which occasioned the injury to the plaintiff, who, as he fell or was pushed, clung for a short distance to the car, until he could sustain himself no longer.

If the injury to the plaintiff was occasioned by the surging of a crowd which could not be controlled, or by the fact that such a crowd interfered with and prevented the proper management of the train, it was also a subject of consideration whether appropriate precautions had been taken by the defendant to guard against a day of excitement, when confusion might be reasonably anticipated from the presence of great numbers of people, and to prevent them from occupying positions which might be attended with danger to others as well as to themselves, or which might disturb the proper working of the trains.

*New trial ordered.*