METHEAS FLECK *vs.* UNION RAILWAY COMPANY.

Middlesex.    Jan. 30. — March 2, 1883.    FIELD & W. ALLEN, JJ., absent.

A passenger in a street car, after signalling to the conductor to stop the car, left his seat and stood for a moment, while the car was in motion, on the rear platform, upon which there was an accumulation of snow and ice, rendering the platform slippery, expecting that the car would stop so that he could alight, and omitted to take hold of the rail. The car jolted, and he was thrown off. *Held,* that whether he was guilty of such negligence as to preclude his maintaining an action for the injuries thereby received, was a question of fact for the jury, and not of law for the court.

TORT for personal injuries occasioned to the plaintiff by being thrown from a horse-car belonging to the defendant. Answer, a general denial. Trial in the Superior Court, before *Bacon, J.,* who reported the case for the determination of this court, in substance as follows :

The plaintiff testified, that, on December 27, 1880, it snowed in the forenoon, but stopped snowing at about noon ; that about half-past ten o'clock in the evening of that day he got into a car belonging to the defendant, in Harvard Square, to ride to Dover Street in North Cambridge ; that this car had four horses attached to it on account of there being snow on the ground; that the car was an ordinary close car, with a door and platform on each end and seats on each side running the entire length of the inside ; that he sat on the right-hand seat at the end nearest the driver; that, when the car got within about one hundred and fifty feet of Dover Street, he got up and nodded his head to the conductor to stop the car; that the conductor was standing on the rear platform, opposite the doorway (the door being wide open), leaning against the dasher; that the plaintiff walked slowly to the rear end of the car and stepped on to the platform and stood a moment, expecting that the conductor would stop

the car when it got to Dover Street; that the car jolted and made a little jounce, and his feet slipped, and he was thrown off the car head first, receiving the injuries complained of; that the platform had ice and snow upon it, which was slippery and not very level; that it was on account of this ice and snow, and of its being slippery and not very level, that he fell. On cross-examination, the plaintiff testified that he saw snow and ice on the platform, and that it was slippery when he got into the car, but he did not take particular notice, and did not slip when he went in; that he did not have hold of anything, as he supposed that the car would stop and that he was not going to stand there very long; and that he had ridden in the defendant's cars for about fifteen years, and never had an accident before.

At the close of the plaintiff's testimony, the judge directed a verdict for the defendant. If the facts, as testified to by the plaintiff, showed, as a matter of law, such want of due care that he was not entitled to recover, the verdict was to stand; otherwise, the verdict to be set aside and a new trial granted.

*G. A. Perkins*, for the plaintiff.

*W. H. Martin*, for the defendant.

C. ALLEN, J. There was some evidence tending to show carelessness on the part of the plaintiff, but, under all the circumstances stated, it was not so palpable as to preclude him from a right to have it passed upon by the jury. Standing on the rear platform of a street car in motion, when there is room inside, is not conclusive. The existence of snow and ice upon the platform is not necessarily such an element of danger as to be conclusive proof of negligence on the part of one who, with knowledge, undertakes to stand there for a moment or two, in expectation of the car's stopping to let him get off. Omitting to take hold of the rail will not of itself, as matter of law, prevent a recovery. Nor do these facts when combined show a case where common experience and the general sense of all prudent persons at once stamp the act as one of carelessness and reckless disregard of personal safety. The case does not fall within *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351, and other cases, where it could properly be held that, as matter of law, the plaintiff did not sustain the burden of proving that he was in the exercise of due care; but rather within the class of cases of

which *Treat* v. *Boston & Lowell Railroad*, 131 Mass. 371, may be taken as an example. No question is presented as to whether there was any sufficient evidence of negligence on the part of the defendant. The case had not reached a proper stage for a ruling on that point.                    *New trial granted.*