GEORGE PRAY V. OMAHA STREET RAILWAY COMPANY.

· FILED MARCH 5, 1895.    No. 6453.

1. **Street Railways:** NEGLIGENCE OF PASSENGER. It is not such negligence for a passenger to stand on the front steps of a crowded street car while in motion as will *per se* prevent a recovery for injuries received in consequence of the negligence of persons in charge thereof.

2. **Carriers:** STREET RAILWAYS: CROWDED CARS: NEGLIGENCE. It is evidence of negligence on the part of a street railway company to carry passengers greatly in excess of the seating capacity of its trains, and permitting them to stand on the platforms and steps of the cars.

3. ——: ——: ——. A person standing on the steps of a moving street car, being unable to secure a seat or standing room within, is presumed to be there with the consent of the servants in charge of the train.

4. ——: ——: NEGLIGENCE: PERSONAL INJURIES. Street railway companies in this state are common carriers, and are presumptively liable for the concurrent negligence of their servants and third persons resulting in personal injuries to passengers.

5. ——: ——: ——: ——: ACTION FOR DAMAGES: QUESTION FOR JURY. The plaintiff, a lad of fourteen years of age, boarded the defendant's train at South Omaha, bound for the city of Omaha. When he reached the train, which was waiting at the terminus of the line, it was so crowded that he was unable to get inside, but secured standing room on the rear platform of the trailer. When the first stop was made four blocks distant he stepped off the train to assist a fellow passenger to alight and was unable to get upon the platform again, his place being occupied by other passengers. He went forward immediately and secured standing room on the front step of the trailer, holding on to the dash board and to the iron rail attached to the car, for the distance of a block, when he was forced, by the pressure of the other passengers on the platform, to relinquish his hold, and fell, receiving the injuries complained of. There was evidence tending to prove that the pressure which forced him off the train was occasioned by the conductor forcing his way through the crowd while engaged in collecting fares. *Held*, That the question of negligence was for the jury, and that it was error to direct a verdict for the defendant.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

The opinion contains a statement of the case.

John O. Yeiser, for plaintiff in error:

Street railway companies are common carriers of passengers and are liable for the slightest negligence. (Spellman v. Lincoln Rapid Transit Co., 36 Neb., 890; Baltimore & O. R. Co. v. Wightman, 29 Gratt. [Va.], 432; Farish v. Reigle, 11 Gratt. [Va.], 697; North Chicago Street R. Co. v. Cook, 33 N. E. Rep. [Ill.], 958; Frink v. Potter, 17 Ill., 406.)

Ordinary care in protecting himself is all that the law requires of a passenger. (Sheridan v. Brooklyn C. & N. R. Co., 36 N. Y., 39; Thurber v. Harlem B. M. & F. R. Co. 60 N. Y., 131.)

The crowded condition of the car was evidence of negligence. The act of plaintiff in standing on the step of a moving car was not such contributory negligence as would prevent a recovery for personal injuries. The court therefore erred in directing a verdict for defendant. (West Chester & P. R. Co. v. McElvee, 67 Pa. St., 311; Germantown P. R. Co. v. Walling, 97 Pa. St., 60; Chicago City R. Co. v. Mumford, 97 Ill., 560; Dougherty v. Missouri R. Co., 81 Mo., 330; Chicago & A. R. Co. v. Wilson, 63 Ill., 167; Chicago W. D. R. Co. v. Mills, 105 Ill., 63; Chicago & A. R. Co. v. Arnol, 33 N. E. Rep. [Ill.], 204; North Chicago Street R. Co. v. Cook, 33 N. E. Rep. [Ill.], 958; Sheridan v. Brooklyn C. & N. R. Co., 36 N. Y., 40; Topeka City R. Co. v. Higgs, 38 Kan., 379; Leigh v. Omaha Street R. Co., 36 Neb., 131; O'Mara v. Hudson R. R. Co., 38 N. Y., 445; Bigelow v. Rutland, 4 Cush. [Mass.], 247; Spofford v. Harlow, 85 Mass., 179; Spooner v. Brooklyn City R. Co., 54 N. Y., 230; Burns v. Bellefontaine R. Co., 50 Mo., 140; Gavett v. Manchester & L. R. Co., 16

Gray [Mass.], 501; *Todd v. Old Colony & F. R. R. Co.,* 3 Allen [Mass.], 18; *Gahagan v. Boston & L. R. R. Co.,* 1 Allen [Mass.], 187; *Lucas v. New Bedford & T. R. Co.,* 6 Gray [Mass.], 64; *Meesel v. Lynn & B. R. Co.,* 8 Allen [Mass.], 234; *Thurber v. Harlem B. M. & F. R. Co.,* 60 N. Y., 331; *Haycroft v. Lake Shore & M. S. R.,* 2 Hun [N. Y.], 490; *Village of Orleans v. Perry,* 24 Neb., 833; *Atchison & N. R. Co., v. Bailey,* 11 Neb., 332; *Sioux City & P. R. Co. v. Stout,* 17 Wall. [U. S.], 657; *City of Lincoln v. Gillilan,* 18 Neb., 116; *Bigelow v. Rutland,* 58 Mass., 247.)

*John L. Webster, contra,* cited: *Nichols v. Middlesex R. Co.,* 106 Mass., 463; *Pitcher v. People's Street R. Co.,* 26 Atl. Rep. [Pa.], 559; *Chicago West Division R. Co. v. Mills,* 91 Ill., 39; *Sanford v. Hestonville, M. & F. P. R. Co.,* 136 Pa. St., 84.)

POST, J.

About 6 o'clock P. M. of the 29th day of November, 1892, the plaintiff, a lad fourteen years of age, employed in one of the packing houses at South Omaha, boarded one of the defendant's motor trains in order to reach his home in the city of Omaha. When he approached the train, which was then waiting at the southern terminus of the line, he observed that the seats were all occupied and that there was not even standing room remaining inside. He, however, secured standing room on the rear platform of the trailer, where he remained until the train started about five minutes later, and until it made the first stop four blocks distant for the purpose of allowing a passenger to alight. At that point he was, according to his testimony, on account of the pressure of passengers from within, compelled to step from his position to the ground in order to make room for the passenger above mentioned, when his place was immediately filled by other passengers, leaving

no standing room on the platform. As the train was in the act of starting again he went forward and took a position on the right front step of the trailer, but was unable to get upon the platform on account of the crowd thereon. He, however, remained clinging to the rod attached to the car and dash board, holding a dinner pail in one hand until the train had run the distance of one block when he was forced to relinquish his hold on account of the pressure of the other passengers and fell, receiving the injuries complained of. He testifies further that the pressure which forced him from the train was occasioned by the movement of the passengers on the platform, but the cause of such movement he does not attempt to explain. Another witness testifies that the conductor was, when the accident occurred, near the front door of the trailer and going forward in the act of collecting fares. So that a reasonable inference is that the movement of the passengers on the front platform was caused by the approach of the conductor forcing his way through the crowd. The district court, on the conclusion of the plaintiff's case, directed a verdict for the defendant and which is the ruling now assigned as error.

It is necessary to notice but a single paragraph of the petition, viz.: " That said defendant, through carelessness and negligence in not providing cars enough for the transportation between said points, caused a dangerously large crowd of people to board said car on which the plaintiff was a passenger; that the said defendant, through its agents and servants, when said car in which the plaintiff was a passenger was loaded with all the passengers it could safely carry, negligently and carelessly suffered and permitted a large additional number of people to board said car and overcrowd the same; that by reason of so dangerously large a crowd negligently and carelessly suffered and permitted on said car by defendant, the plaintiff was forced off said car to allow fellow-passengers to alight therefrom; that imme-

diately plaintiff proceeded to re-enter said car, and before he could reach a safer position, while standing upon the steps, * * * the crowd so negligently and carelessly permitted upon said car * * * shoved back to get room and were forced back by the conductor of said line, one of the defendant's servants, while engaged in collecting the fares from said crowd, which pushed against the plaintiff with such force as to break his hold and to throw him from said moving train; that in said manner plaintiff was crowded off of said car by defendant's negligence and carelessness." It was held in *Spellman v. Lincoln Rapid Transit Co.*, 36 Neb., 890, that street railway companies are common carriers of passengers, and as such are answerable for the negligence of their servants upon the principles of the common law; that in providing for the safety of passengers they are bound to exercise the highest degree of care and diligence consistent with the nature of their undertaking, and are responsible for the slightest negligence on the part of their employes. If it be true, as appears from the plaintiff's evidence, that the defendant's servants in charge of the train undertook to carry a number of persons greatly in excess of its capacity, so that passengers, including the plaintiff, were compelled to stand on the platform and steps of its cars, and the injury complained of is the direct result of such overcrowded conditions, that fact must, in the light of the authorities hereafter cited, be regarded as evidence of negligence; but it is said that the act of riding on the overcrowded train, and particularly on the steps of the trailer, is, under the circumstances of this case, *per se*, contributory negligence, which will prevent a recovery. In the consideration of that question it is deemed necessary to examine some of the authorities which seem to bear directly upon the subject.

In Ray, Negligence of Imposed Duties, 43, it is said that the front platform of a crowded street car is not a place of known danger so as to render it negligence *per se*

for an adult person to stand thereon while the car is in motion.

In *Germantown P. R. Co. v. Walling*, 97 Pa. St., 55, the plaintiff voluntarily got upon a car so crowded that he was obliged to stand on one of the steps of the platform, which was also occupied by two other persons, and where, in order to retain his position, he was required to hold with one hand to the dashboard and with the other to the iron bar under the window of the car. The court, referring to the question of contributory negligence, say: "Street railway companies have all along considered their platforms as a place of safety, and so have the public. Shall the court say that riding on a platform is so dangerous, that one who pays for standing there can recover nothing for an injury arising from the company's default?"

In *Meesel v. Lynn & B. R. Co.*, 8 Allen [Mass.], 234, it is said: "The seats inside are not the only places where the managers expect passengers to remain, but it is notorious that they stop habitually to receive passengers to stand inside until the car is full, and continue to stop and receive them even after there is no place to stand except on the steps of the platforms. Neither the officers of these corporations, nor the managers of the cars, nor the traveling public seem to regard this practice as hazardous, nor does experience thus far seem to require that it should be restrained on account of the danger. There is, therefore, no basis upon which the court can decide, upon the evidence reported, that the plaintiff did not use ordinary care."

In *Nolan v. Brooklyn City & N. R. Co.*, 87 N. Y., 63, the plaintiff, a passenger on a street car, rode on the front platform of his own choice for the purpose of smoking, there being room inside. He was thrown from the car and injured through the defendant's negligence, and was permitted to recover.

In *Topeka City R. Co. v. Higgs*, 38 Kan., 379, it was held gross negligence on the part of a street railway com-

pany to carry persons greatly in excess of the seating capacity of its cars, and permit passengers to ride on the platforms and foot-boards thereof, so as to expose them to danger of collision with its other trains.

In *Geitz v. Milwaukee City R. Co.*, 72 Wis., 307, the plaintiff at the time of the injury was standing on the foot-board extending lengthwise along the car, which was crowded with passengers, yet the question of negligence was held to have been properly submitted to the jury.

*City R. Co. v. Lee*, 50 N. J. Law, 438, presents substantially the same state of facts as the case last cited, and the judgment in favor of the plaintiff was affirmed. And the doctrine above announced finds support also in the following among many other cases: *Maguire v. Middlesex R. Co.*, 115 Mass., 239; *Fleck v. Union R. Co.*, 134 Mass., 481; *Upham v. Detroit City R. Co.*, 85 Mich., 12; *Archer v. Ft. Wayne & E. R. Co.*, 87 Mich., 101; *Matz v. St. Paul City R. Co.*, 53 N. W. Rep. [Minn.], 1071.

The record is silent on the subject of the defendant's notice of the condition of the train, but in the absence of evidence we must presume that the plaintiff, if not invited to become a passenger, was present with the knowledge and consent of the conductor. It follows that the boarding of the crowded train, under the circumstances disclosed, was not such negligence as to alone justify the trial court in directing a verdict against the plaintiff.

Was the plaintiff guilty of contributory negligence in leaving the rear of the train and taking a position on the front step of the trailer? There are certain material facts which must not be overlooked in the determination of that question. In the first place, the relation of carrier and passenger existed at that time, and the defendant, having voluntarily assumed the responsibility of safely carrying plaintiff, owed him a duty in that regard, and is at least presumptively liable for the concurrent negligence of its servants and third persons. (*Sheridan v. Brooklyn C. & N. R. Co.*, 36 N. Y., 39;

*Lehr v. Steinway & H. P. R. Co.*, 118 N. Y., 556; *Holly v. Atlantic Street R. Co.*, 61 Ga., 215.) It will be remembered, too, that the plaintiff did not voluntarily abandon his position on the rear platform, but was unable to again board the train after standing aside to allow a fellow passenger to alight. The act of going forward to the front platform was not of itself hazardous, for which the plaintiff should be charged with negligence. In *Dixon v. Brooklyn City & N. R. Co.*, 100 N. Y., 170, the plaintiff tried to enter the defendant's car, which was moving slowly, by the rear platform; but finding it crowded he passed along by the car in order to reach the front platform, and in so doing slipped on the snow and ice thrown up by the defendant's plows and fell under the wheels. It was held that the question of contributory negligence was rightly submitted to the jury. Nor does the evidence warrant the inference that the plaintiff's position on the front step was either actually or apparently more dangerous than that which he had been compelled to relinquish on the rear platform. Referring to his position on the front step he testifies:

Q. Were you able to get any further in the car at that time?

A. No, sir.

Q. Why?

A. Because the car was moving and I would have run a great risk to crowd in.

Q. Had the car not started so soon, could you have gotten further on the platform?

A. Yes; I think I could. I am pretty sure I could.

Q. Could you have pulled up any further on the platform without letting go your grip on the hand rails?

A. No.

The rule is too well settled in this state to admit of a doubt or to require a citation of the cases, that where different minds may draw different conclusions from the facts

in evidence to support a charge of negligence, it is a question of fact and not of law. In the case at bar the inference that the injury proved was caused by the concurrent negligence of the defendant in permitting the car to be crowded beyond its capacity, and of the plaintiff's fellow passengers in forcing him from his position on the step, in the absence of contributory negligence on his part, is, to say the least, a reasonable one. The question was, therefore, one upon which the plaintiff was entitled to the verdict of the jury, hence the court erred in its peremptory direction in favor of the defendant, for which the judgment must be reversed, and the cause remanded for further proceedings in accordance with the views herein stated.

REVERSED AND REMANDED.