### CHARLES S. WILDE *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.    March 22, 1895. — May 24, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Electric Car — Due Care — Law and Fact.*

If a person who enters an electric car, the seats of which are all occupied by passengers, stands upon the step of the car, without objection by the conductor, who collects a fare of him, and while the car is passing over a double curve in the tracks the motorman increases its speed, and in consequence thereof the passenger is thrown off and injured, the question of his due care is rightly submitted to the jury; and it cannot be said, as matter of law, that because he did not crowd upon the platform through and against the passengers, as there was testimony that he might have done, he is precluded from recovering.

TORT, for personal injuries occasioned to the plaintiff while a passenger upon a car of the defendant company.

At the trial in the Superior Court, before *Richardson*, J., there was evidence tending to show that at or about midnight on April

6, 1893, Wilde took passage upon one of the defendant's electric cars at or near Cooper Street in the city of Boston ; that all the seats were filled with passengers, and passengers were standing in the aisle; that the front platform was crowded, and two passengers were riding upon the steps of that platform; that the rear platform was crowded, and that there were from eight to ten passengers upon it; that upon entering the car Wilde took a position upon the step with his back leaning against the body of the car, and continued to ride in that position; that at City Square, Charlestown, where the car was stopped, Wilde alighted in order to allow a passenger named Rogers to board the car ; and that, after Rogers had stepped upon the step of the car, Wilde resumed the position which he had before taken upon the step, with his back against the body of the car.

The evidence further tended to show that, after Rogers had boarded the car, the conductor requested Rogers, who had a heavy bag in his hand, to come up from the step upon the platform ; that this remark was made to Rogers when Wilde was standing upon the step; and that Rogers then crowded his way up from the step upon the platform, and was standing upon the platform at the time of the accident to Wilde, his bag being hung behind over the switch stick because there was not room for it on the platform. The evidence further tended to show that the conductor took Wilde's fare when he was standing upon the step ; but there was no evidence that at the time of taking his fare the conductor requested Wilde to step upon the platform.

Two of the plaintiff's witnesses testified that before Rogers got upon the platform there was room for Wilde to stand upon the platform, but that in order to do so he would have had to crowd and push his way through or against the passengers who were standing thereon.

The plaintiff's witnesses also testified that Wilde, at the time of the accident, had hold of the grab rail of the car with both hands, for the purpose of supporting himself upon the step.

The evidence further tended to show that after the car left City Square it passed along Chelsea Street at a very rapid rate of speed to a place near Henley Street, where there was a double curve in the tracks upon which the defendant operated the

car, and that while the car was passing over the curves the motorman suddenly increased the speed of the car, and by reason thereof there was a jolting or jerking of the car which threw Wilde from the step into the street, and from which he received severe injuries. No one else was thrown from the car or injured by the jolting thereof, but several passengers testified that they were swayed violently to the right, the direction in which Wilde was thrown off, and supported themselves by holding on to the hand rails. It appeared that Wilde had been upon the step of the car about fifteen minutes before the accident.

At the conclusion of the testimony, the defendant requested the judge to rule as follows:

" 1. Upon the whole evidence, the plaintiff is not entitled to recover. 2. If the jury find that after the plaintiff took his position upon the step of the car there was room for the plaintiff to get up off the step of the car and ride upon the platform thereof, or inside the car, he was careless in remaining upon the step of the said car, and cannot recover. 3. If the plaintiff voluntarily remained upon the step of the car when there was room enough for him to ride in safety upon the platform thereof, he was guilty of negligence, and the verdict should be for the defendant."

The judge declined so to rule, and instructed the jury substantially, there being no question raised as to the negligence of the defendant, that it was for them to consider whether, under all the circumstances of the case, the plaintiff was in the exercise of due care in standing upon the step of the car, and, if so, whether he exercised due care in protecting himself from falling off.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*S. J. Elder*, (*W. C. Wait* with him,) for the plaintiff.

LATHROP, J. The defendant's counsel admitted at the argument that the plaintiff was an adult, and that there was evidence of negligence on the part of the defendant. The only question then is whether the court below ought to have ruled, as matter of law, as requested by the defendant, instead of submitting the question of the plaintiff's due care to the jury. We are of opinion that this question was properly submitted to the jury.

The defendant in effect concedes that the course pursued by the court below would have been correct if the plaintiff had been riding upon a horse car instead of upon an electric car. *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234. *Wilton* v. *Middlesex Railroad*, 107 Mass. 108. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239. *Fleck* v. *Union Railway*, 134 Mass. 480. *Lapointe* v. *Middlesex Railroad*, 144 Mass. 18. *Germantown Passenger Railway* v. *Walling*, 97 Penn. St. 55.

It is contended, however, that as electric cars run at so much higher a rate of speed than horse cars, and as it is much more dangerous to ride upon the platforms or steps of the latter class than upon those of the former class, a different rule of law should be applied. It is, however, to be remembered that the defendant allowed the car to be very crowded, and that the plaintiff rode where he did without any objection on the part of those having charge of the car. Being received as a passenger riding as he did, we cannot say, as matter of law, that, because he did not crowd upon the platform, he was precluded from recovering. *Pray* v. *Omaha Street Railway*, 44 Neb. 167.

*Exceptions overruled.*