ALBERT N. WATSON

*vs.*

PORTLAND & CAPE ELIZABETH RAILWAY COMPANY.

Cumberland.    Opinion June 13, 1898.

*Street Railway.    Passenger.    Contributory Negligence.*

It cannot be said, as a matter of law, that a person who sustains injury while riding upon the platform of an electric street car, is, merely from that fact, guilty of contributory negligence which will prevent his recovery in an action against the carrier.

But a passenger who rides on the platform of a car necessarily takes upon himself the duty of looking out for and protecting himself against the usual and obvious perils attendant upon his position, such as, for instance, the danger of being thrown from the platform by the jolting or swaying of the car.

It is considered by the court that the evidence in this case does not so clearly show contributory negligence upon the part of the plaintiff as to authorize the withdrawal of this question from the determination of the jury; and that the case comes within the general rule that the question of negligence is ordinarily one for the jury, and not within the exception that when the facts are undisputed and are susceptible of but one conclusion, it is the duty of the court to take the case from the jury.

ON EXCEPTIONS BY PLAINTIFF.

This was a suit for injuries sustained by the plaintiff who was thrown from the platform of the defendant's car at Knightville, June 16, 1896, by reason of the car on which he was riding being carelessly run, as he alleged, upon an open switch leading from the main line to the car-barn at a rapid rate, the angle of the switch

being fifty degrees. The jury returned a verdict for the plaintiff, being ordered to do so by the court.

The plaintiff's counsel requested the court to give the following instructions; but the court declined to do so except as appears in the charge given below:—

(1.) Standing on the front platform of a car, even if there is standing room inside, is not of itself conclusive evidence that a person injured by the negligence of the persons managing the car was not in the exercise of due care.

(2.) That calling for and receiving fare from persons standing on the front and rear platform of a car, authorizes the jury to find that those so riding had been invited by those having charge of the car to ride in that place, and that implied assurance had been given by them that that was a suitable and safe place for them to ride.

(3.) That where negligence on the part of the plaintiff is connected with the cause of injury, the question to be determined is, whether the defendant by the exercise of ordinary care and skill might have avoided the injury. If he could have done so, the negligence of the plaintiff cannot be set up as an answer to the action.

(4.) That if the running of the car upon the switch was the direct cause of the accident and the running on to the switch could have been prevented by proper care and due diligence on the part of defendant's agents, if the other evidence in the case warrants it, the jury would be authorized to find for the plaintiff.

(Charge to the jury.)

"This action, like the action which was first tried before you this term, is based on the alleged negligence of the servants of the defendant railroad company. I have had occasion to instruct you heretofore, that to entitle the plaintiff in an action like this to to recover, the burden is upon him to prove not only the negligence of the railroad company, or of its servants, but that he himself was in the exercise of due care; or, in other words, that his own want of due care did not contribute to produce the injury.

"The question of contributory negligence, as it is called, is ordinarily a question of fact for the jury upon the evidence in the case; but there are a few cases, where the evidence is of such a character, that there is really no dispute about the facts, and it becomes a question of law for the court as to whether or not the plaintiff was in the exercise of due care.

"It is settled law in this state, that the riding upon the platform of a passenger car upon a railroad is such negligence, on the part of the passenger, as will bar his recovery for injuries sustained by being thrown from the platform in rounding a curve.

"It is settled as a legal question, that one who rides upon the platform of a car, and is injured by being thrown from it as the car rounds a curve, is guilty of contributory negligence.

"Now, giving the evidence in this case the most favorable view possible for the plaintiff, even taking his own statement of how the accident occurred, you perceive that there is no possibility, such being the law, of your rightfully returning a verdict for the plaintiff. You could not do it without violating a rule of law; because, taking the most favorable view possible of the evidence in the case, there is no dispute about the fact, that at the time of the plaintiff's injury he was voluntarily riding upon the platform of the car. The car was crowded undoubtedly; but there was standing room inside, according to the weight of the evidence. I do not understand that there is any dispute about it. And if he voluntarily took his position upon the platform, and was injured by being thrown off while the car was swinging around a curve,—the fact that he was on the platform bars his right of recovery. There are so many accidents of this kind, caused by people persistently riding on the platform of cars, a place of known danger, that the law is now settled, that if they choose to ride there, they must ride at their own risk. Accidents might occur wherein the fact that a passenger was riding on the platform of a car would be no defense. For instance, if a rotten bridge should break down, and all on board the car should go down into the river below, the fact that a man was on the platform would not have anything to do with the accident; the rotten bridge would be the sole cause. But if a passen-

ger is riding there, and is thrown off as the car rounds a curve,—in such cases his being there is a bar to his recovery.

"Such being the law, I am requested by the learned counsel for the defendants to instruct you, taking the most favorable view of the evidence for the plaintiff, he is not entitled to a verdict in his favor, and I so instruct you. Therefore, Mr. Foreman, you will have nothing to do but to sign a verdict pro forma for the defendants of not guilty."

To the refusals to give the requested instructions the plaintiff was allowed exceptions; he also took exceptions to the order of the court to return a verdict for the defendant and the following portions of the charge:—

"That the question of contributory negligence, as it is called, is ordinarily a question of fact for the jury upon the evidence in the case. That there was really no dispute about the facts and it became a question of law for the court as to whether or not the plaintiff was in the exercise of due care." ·  ·  ·  ·

"That the riding upon the platform of a passenger car upon the railroad is such negligence upon the part of the passenger as would bar his recovery for injury sustained by being thrown from the platform in rounding a curve." ·  ·  ·  ·

"That it is settled as a question of law that one who rides upon the platform of a car and is injured by being thrown from it as the car rounds a curve is guilty of contributory negligence." ·  ·  ·  ·

"That giving the evidence in this case the most favorable view possible for the plaintiff, even taking his own statement of how the accident occurred, you perceive that there is no possibility, such being the law, of the jury rightfully returning a verdict for the plaintiff; they could not do it without violating a rule of law, because taking the most favorable view possible of the evidence in the case there is, there is no dispute about the fact that at the time the plaintiff was injured he was voluntarily riding upon the platform of a car and there was standing room inside, according to the weight of evidence." ·  ·  ·  ·

"That the fact that plaintiff was on the platform bars his right of recovery. That if plaintiff voluntarily chose to ride on the platform he must ride at his own risk." ·  ·  ·  ·

" That taking the most favorable view of the evidence for the plaintiff he is not entitled to a verdict in his favor." . . . .

" You will have nothing to do but sign a verdict pro forma for the defendant of not guilty."

*H. and W. J. Knowlton; and L. M. Webb,* for plaintiff.

*Clarence Hale,* for defendant.

The plaintiff cannot recover because he was voluntarily riding upon the platform of a car while there was standing room inside. *Goodwin* v. *B. & M. R.,* 84 Maine, p. 211 ; *Worthington* v. *Cent. Vt. R. R. Co.,* 64 Vt. 107 ; *Gavett* v. *M. & L. R. R. Co.,* 16 Gray, 502 ; *Hickey* v. *B. & L. R.,* 14 Allen, p. 429 ; *Torrey* v. *B. & A. R. R. Co.,* 147 Mass. p. 412 ; *Quinn* v. *Ill. Cent. R. R.,* 51 Ill. 495 ; Woods, Railroads, § 303, and cases ; *Reber* v. *Pittsburg, etc., Co.,* 179 Penn. St. p. 339 ; *Akin* v. *Frankford R. R.,* 142 Penn. St. p. 47 ; *Francisco* v. *Troy, etc., R. R. Co.,* 78 Hunter, 13 ; *Clark* v. *8th Ave. R. R. Co.,* 36 N. Y. 138 ; *Wilmot* v. *Corrigan Consol. St. Ry. Co.,* 106 Mo. 135 ; Vol. 25 Albany L. J. p. 84 ; Booth, St. Rys. ed. 1892, § 338 ; *Chase* v. *Me. Cent. R. R. Co.,* 77 Maine, 62 ; *Smith* v. *Same,* 87 Maine, 339. In *Mann* v. *Phila. Trac. Co.* 175 Pa. St. 122, the passenger was invited or permitted to stand on platform.

One who rides upon the front platform of an electric passenger car is guilty of contributory negligence.   Cases, supra.

Facts being undisputed it is a question of law whether or not the plaintiff was in the exercise of due care.   *Elwell* v. *Hacker,* 86 Maine, 416 ; *Romeo* v. *B. & M. R. R.,* 87 Maine, 540 ; *Wormell* v. *Me. Cent. R. R. Co.,* 79 Maine, 397.

Second requested instruction :— *Clark* v. *8th Ave. R. R. Co.,* 36 N. Y. 138.

In *Olivier* v. *Louisville, etc., R. R. Co.,* 43 La. Ann. 805, the court says : " A party voluntarily boarding a crowded car and taking his place on the platform without complaint or effort to obtain a seat cannot allege the over-crowding of the train as negligence."   Now, in the case at bar, the plaintiff has not shown that he called the attention of the conductor to the fact that he had not a seat, or that he endeavored to obtain a seat, or even looked to see

whether there was a seat, or not. In fact, the evidence shows affirmatively otherwise, namely, that as the car proceeded a little later there was plenty of room inside the car which the plaintiff could have occupied.

Third requested instruction: Shear. & Red., Negl., § 35, "The injured party cannot recover when his own or his agent's ordinary negligence or wilful wrong approximately contributed to produce the injury of which he complains, so that but for his concurring or co-operating fault the injury would not have happened to him." . In *Woodman* v. *Pitman*, 79 Maine, 456, the Chief Justice clearly states the point and quotes from the London Quarterly Review: "The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponents, is considered solely responsible for it."

Fourth requested instruction: Counsel cited, *Railroad Company* v. *Norton*, 24 Penn. St. 465, "The law has no scales to determine whose wrongdoing weighed most in the compound that occasioned the mischief." In fact, a class of cases has gone to the extent of holding that where the negligence of a passenger is an approximate cause of his injury, he cannot recover unless the injury is wilfully inflicted. *Railroad* v. *Swift*, 26 Ind., 459; *Railroad Co.* v. *Rutherford*, 29 Ind., 82.

The plaintiff was not a passenger: Booth, St. Rys., § 326; *Hoar* v. *Me. Cent. R. R. Co.*, 70 Maine, 73; *Pitcher* v. *Peoples St. Ry. Co.*, 174 Penn. St. 402.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

WISWELL, J. The plaintiff, while riding upon the front platform of one of the defendant's electric street cars, was thrown from the car by its sudden jolting, and, striking the ground with considerable violence, sustained more or less injury.

It is claimed that this was caused by the negligence of the motor-man in allowing his car to come towards a switch with such speed that he was unable to see whether it was properly set or not,

and, the switch being open, that the car was propelled so rapidly onto a siding as to cause violent jarring and jolting.

After the evidence upon both sides had been closed the presiding justice directed a verdict for the defendant. To which direction exception is taken. It becomes necessary therefore to decide, whether upon all the evidence, regarding it in the most favorable aspect for the plaintiff that it is susceptible of, the jury would have been justified in returning a verdict for the plaintiff.

Upon the question of the alleged negligence of the defendant, it is only necessary to say that in our opinion there was sufficient evidence to submit this question to the jury. Was there also sufficient evidence upon the question of the plaintiff's own care to sustain the burden of proof resting upon him in that respect?

The question of negligence is ordinarily one for the jury. It is always. so, not only when the facts are in dispute but also when the facts are undisputed but intelligent and fair-minded men may reasonably differ as to the conclusions and inferences to be drawn from such facts. Because, in passing upon this question, a jury must not only decide what was in fact done or left undone but also as to what should have been done in the situation. But this is not true when the facts are not in dispute and when the undisputed. facts are susceptible of but one conclusion. In such cases it is not only proper but it is the duty of the court to take the case from the jury. *Romeo* v. *Boston & Maine Railroad*, 87 Maine, 540.

In this case the presiding justice in directing a verdict for the defendant gave certain reasons why, in his opinion, a verdict for the plaintiff would not be warranted and could not be sustained, saying, among other things, "that the riding upon the platform of a passenger car upon the railroad is such negligence upon the part of. the passenger as would bar his recovery for injury sustained by being thrown from the platform in rounding a curve." And again, "it is settled as a question of law that one who rides upon the platform of a car and is injured by being thrown from it as the car rounds a curve is guilty of contributory negligence."

In our opinion this was not a correct statement of law when applied to a street railroad car, whether propelled by horses, elec-

tricity or otherwise. Riding upon the platforms of such cars is too much encouraged by transportation companies and too much indulged in by the public, for the court to say, as a matter of law, that the mere riding upon the platform of such a car is conclusive evidence of negligence, or is negligence per se, or is negligence in law. It depends upon too many other circumstances and condi-tions for a court to lay down any hard and fast rule in regard to it; but it is a fact which should ordinarily be submitted to the jury in connection with all of the other circumstances of the case.

That this is true with respect to horse street cars is not questioned, and has been frequently decided. *Meesel* v. *Lynn & Boston Railroad Co.*, 8 Allen, 234; *Maguire* v. *Middlesex Railroad Co.*, 115 Mass. 239; *Fleck* v. *Union Railway Co.*, 134 Mass. 480; *Germantown Passenger Railway Co.* v. *Walling*, 97 Penn. St. 55; *Vail* v. *Broadway Railroad Co.*, 147 N. Y. 377; *Nolan* v. *Brooklyn City & Newton Railroad Co.*, 87 N. Y. 63; (41 Am. Rep. 345); *City Railway Co.* v. *Lee*, 50 N. J. Law, 435.

But it is claimed upon the part of the defense, that while this is true in the case of a horse car, as to electric cars the rule laid down in this state and generally with respect to trains of cars upon steam railroads should apply. *Goodwin* v. *Boston & Maine Railroad*, 84 Maine, 203. We do not think so. An electric street car is still a street car, and in our opinion the conditions, especially with respect to riding upon platforms, are more similar to those of the horse street car than those of a railroad train upon a steam railroad.

It is a notorious fact that street railroad companies, whose cars are propelled by electricity, constantly accept and invite passengers to ride upon the platforms of their cars when there is no room inside, and that persons having occasion to use such cars are frequently glad for even a foothold upon the platform, step or footboard. Neither carrier nor public have regarded the street car platform as a known place of danger, and we are not disposed to say, as a matter of law, that a passenger who rides upon the platform of an electric street car is thereby guilty of such contributory negligence as to prevent his recovery for injuries sustained through

the fault of an employee of the transportation company. We hold rather that it is a circumstance to be submitted to and decided by the jury.

Such is the conclusion that many of the courts of this country have arrived at. *Elliot* v. *Newport Street Railway Co.*, 18 R. I. 707, (23 L. R. A. 208); *Pray* v. *Omaha St. Railway Co.*, 44 Neb. 167; *Wilde* v. *Lynn & Boston R. R. Co.*, 163 Mass. 533; *Reber* v. *Pittsburg & B. Traction Co.*, 179 Penn. St. 339.

It is further urged by counsel for defendant that the verdict was properly ordered, even if the reasons given therefor by the presiding justice cannot be sustained: that if the court should hold that a person cannot be said, as a matter of law, to be guilty of negligence from the mere fact that he was standing upon the platform of an electric street car in motion, that this plaintiff was nevertheless negligent in not taking such precautions as the obvious and usual dangers of his position required; and that it is immaterial that the reasons given by the presiding justice in ordering a verdict were erroneous, if upon the facts the verdict was properly ordered.

There is no question about the correctness of these propositions of law. A passenger who rides on the platform of a car necessarily takes upon himself the duty of looking out for and protecting himself against the usual and obvious perils attendant upon his position, such as, for instance, the danger of being thrown from the platform by the jolting or swaying of the car. *Elliot* v. *Newport Railway Co.*, supra.

But the court is of the opinion that the evidence in this case does not sustain the defendant's contention, that is, in the opinion of the court, the evidence does not so clearly show contributory negligence upon the part of the plaintiff as to authorize the withdrawal of this question from the determination of the jury. The case comes within the general rule, that the question of negligence is ordinarily one for the jury and not within the exception, that when the facts are undisputed and are susceptible of but one conclusion it is the duty of the court to take the case from the jury. The entry will therefore be,

*Exceptions sustained.*