CHRISTIAN G. BRUNNCHOW *vs.* RHODE ISLAND COMPANY.

PROVIDENCE—JUNE 10, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1)  *Common Carriers.  Riding on Platform.  Negligence.*

It is not negligence *per se* for a passenger upon an electric car to ride upon the platform thereof.

Whether it is reasonably necessary for such passenger to ride upon the plat-

form is a question of fact for the jury to pass upon, in view of the circumstances which may appear in evidence.

*Quære*, whether a jury would be justified in not finding a passenger guilty of contributory negligence, who, if there was room to be seated, should, without reasonable excuse, ride upon the platform.

TRESPASS ON THE CASE for negligence.   Heard on demurrer to declaration, and demurrer overruled.

TILLINGHAST, J.   The plaintiff sues to recover damages alleged to have been sustained by him, by being thrown from one of the defendant's cars, through the negligence of the defendant.

The declaration alleges that the plaintiff was a passenger on the car from which he was thrown, and that it was the duty of the defendant to so operate, run, and control said car that he would not be exposed to injury; but that, disregarding its duty in the premises, it did not operate said car in a safe and proper manner but ran it at a very high rate of speed to and upon a certain switch in Bassett street, and in going from said switch to the main track, while running at a very high rate of speed, it jolted and swayed, in consequence of which the plaintiff, while standing on the rear platform of the car and while in the exercise of due care, was violently thrown from said car upon the ground and seriously injured.

To this declaration the defendant has demurred, upon the ground that it does not appear that it was necessary for the plaintiff to stand in the dangerous position which he assumed on said car, as set forth in his declaration.

(1)     We think the demurrer should be overruled.   It is not negligence *per se* for a passenger upon an electric street car to ride upon the platform thereof.   "Neither the carrier nor the public," says Mr. Nellis, in his very complete and valuable work, just issued, on Street Railroad Accident Law, § 25, "have regarded the street car platform as a known place of danger; and the courts have therefore held that a passenger who rides thereon is not guilty of such contributory negligence, as a matter of law, as will prevent his recovery for an injury sustained through the fault of an employee of the company.

It is a circumstance, however, to be submitted to and determined by the jury." The law as thus stated is well sustained by the authorities. *Watson* v. *Portland R. R. Co.*, 91 Me. 584, is strongly in point.

In that case the plaintiff, while riding upon the front platform of an electric street car, was thrown from the car by its sudden jolting, and sustained injury thereby.

At the trial of the case the court directed a verdict for the defendant upon the ground that the riding upon the platform of an electric car is such negligence on the part of the passenger as will bar his recovery for injuries sustained by being thrown therefrom in rounding a curve. In reversing the action of the court below, Wiswell, J., who delivered the opinion of the Supreme Judicial Court, held that this was not a correct statement of law when applied to a street railroad car, whether propelled by horses, electricity, or otherwise. "Riding upon the platforms of such cars," said the judge, "is too much encouraged by transportation companies, and too much indulged in by the public, for the court to say as a matter of law that the mere riding upon the platform of such a car is conclusive evidence of negligence, or is negligence *per se*, or is negligence in law. It depends upon too many other circumstances and conditions for a court to lay down any hard and fast rule in regard to it; but it is a fact which should ordinarily be submitted to the jury in connection with all of the other circumstances of the case.

"That this is true with respect to horse street cars is not questioned, and has been frequently decided. *Meesel* v. *Lynn & Boston Railroad Co.*, 8 Allen, 234; *Maguire* v. *Middlesex Railroad Co.*, 115 Mass. 239; *Fleck* v. *Union Railway Co.*, 134 Mass. 480; *Germantown Passenger Railway Co.* v. *Walling*, 97 Penn. St. 55; *Vail* v. *Broadway Railroad Co.*, 147 N. Y. 377; *Nolan* v. *Brooklyn City & Newtown Railroad Co.*, 87 N. Y. 63 (41 Am. Rep. 345); *City Railway Co.* v. *Lee*, 50 N. J. Law, 435.

"But it is claimed upon the part of the defense, that while this is true in the case of a horse car, as to electric cars the rule laid down in this state and generally, with respect to

trains of cars upon steam railroads should apply. *Goodwin* v. *Boston & Maine Railroad*, 84 Maine, 203. We do not think so. An electric street car is still a street car, and in our opinion the conditions, especially with respect to riding upon platforms, are more similar to those of the horse street car, than those of a railroad train upon a steam railroad."

*Pray* v. *Street Railway Co.*, 44 Neb. 167; *Wilde* v. *Lynn & Boston Railway Co.*, 163 Mass. 533; *Reber* v. *Pittsburg, &c. Traction Co.*, 179 Pa. St. 339; and *Purington Kimball Brick Co.* v. *Echman*, 102 Ill. App. 183, are to the same general effect.

It is a matter of common knowledge that large numbers of passengers daily ride upon the rear platforms and running-boards of defendant's cars without objection. And in view of the fact that they are thus allowed to ride, the defendant is called upon to exercise the same degree of care towards them as towards other passengers. That is, it is required to do all that human care and vigilance reasonably can to prevent accident happening to them. *Elliott* v. *Street Ry. Co.*, 18 R. I. 707; Nellis on Street Railroad Accident Law, § 24, and cases cited. In a word, if it receives them as passengers, it must treat them as passengers.

That the rear platform of a street car or the running-board thereof is obviously a more dangerous place than the inside of the car is self-evident. And hence it follows that it is incumbent upon any one who rides in such a place to exercise care commensurate with the danger. And it is doubtless competent for a jury to find, in a given case, that a passenger occupying such a position was not in the exercise of due care, and that his negligence contributed to the happening of the accident whereby he was injured. And if so, of course he could not recover, even though the carrier might also have been negligent in the premises. All that we say is that it is not negligence in law to ride upon an electric street car in manner aforesaid.

Whether it was reasonably necessary for the plaintiff in the case at bar to ride upon the platform is a question of fact for the jury to pass upon, in view of the circumstances which may appear in evidence, and not a question of law.

In this connection it is proper to remark that the seats in street cars are provided for passengers to occupy; and if there is room to be seated inside the car, a jury certainly ought to hestitate before finding that a passenger, who in the absence of some reasonable excuse should choose to ride on the platform or running-board, was not guilty of contributory negligence in case he should be injured while so riding. Common carriers of passengers are not insurers against accident, and they have the right to presume that passengers will use common sense and common prudence in protecting themselves from obvious danger.

Demurrer overruled, and case remanded for further proceedings.

*T. H. Holton and Thomas J. Flynn,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, and Lefferts S. Hoffman,* for defendant.