ALBERT NIRK, PLAINTIFF IN ERROR, v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued June 25, 1907—Decided November 18, 1907.

1. A passenger standing upon the rear platform of a trolley car has no right to rely, in preserving his equilibrium, upon the protection of the closed door, and it is not the duty of the conductor to warn him before opening the door suddenly, when it appears from the evidence that the passenger was not leaning against the door and was not in such a position that the opening of the door required him to move or in any way interfered with him, and therefore a request to charge that "a carrier owes to its passengers a high degree of care and the plaintiff in preserving his equilibrium had a right to rely upon the protection of the closed door, and it was the duty of the conductor to warn the plaintiff before opening the door suddenly," was properly refused, especially when it was reasonably to have been inferred from the evidence that there was room for the passenger inside the car.

2. While it is not negligence *per se* for the passenger to ride upon the platform of an electric street railway car, nevertheless a passenger who voluntarily rides upon the platform, when there is room for him inside the car, takes upon himself the duty of looking out for, and of protecting himself against, the usual and obvious perils attendant upon his position, such as the danger of being thrown from the platform by the ordinary jolting and swinging of the car. An instruction that "as a general proposition, the defendant company, and its servants as well, were bound to use what is called a high degree of care for the safety of the passengers who entrust themselves to its conveyance. That question is somewhat modified by the fact of Mr. Nirk standing on the platform, if he could get inside the car," is not erroneous when it appears that the trial judge, in another part of his charge, correctly stated to the jury the character and extent of the modification of the rule referred to.

3. When it does not appear that the door was maintained for the purpose of assisting passengers in preserving their equilibrium, but rather that one of its purposes was to allow ingress and egress of passengers, it was not negligence to open the door on the north side of the car to enable passengers to alight unless it was a dangerous place for passengers to get down, and therefore an instruction that "it might be a question whether the conductor would be negligent in opening the door on that side, unless it was in a place where it would be dangerous for passengers to get

down; that would be the only reason that would make it negligent to do it at all," was not erroneous, especially when the evidence was most persuasive, if, indeed, it did not compel the conclusion that the place where the north door was opened was a safe place to alight, and that it would have been, on account of the snow, unsafe to have let the passengers out on the other side.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *William D. Edwards* and *Edwin F. Smith.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment of the Hudson County Circuit Court in favor of the defendant below, the Jersey City, Hoboken and Paterson Street Railway Company, in an action of tort brought by Albert Nirk, the plaintiff in error.

The plaintiff was a passenger upon a trolley car of the defendant company on the 19th day of February, 1905. The car was a closed car with a high winter door on each side, extending from the platform to the top of the car. The plaintiff stood on the rear platform. The car was running in an eastwardly direction in a street where there were parallel tracks. As the car was coming to a stop to let off some passengers, the conductor opened the door on the north side of the car, and in some manner the plaintiff fell off.

The plaintiff testified in chief as follows:

"*Q.* When you got on, where did you stand, in reference to the doors?

"*A.* I was standing against that railing in there, between the brake and that iron railing, on the north side of the car. * * *

"*Q.* Did you pay your fare on the platform?

"*A.* I did. * * *

"*Q.* What happened?

"*A*. Well, the conductor rang the bell, and that is all I know, and all at once I fell out of the car."

On cross-examination, as follows:

"*Q*. Then, all you know is that you suddenly fell off the car?

"*A*. Yes, sir.

"*Q*. Why you fell off you don't know?

"*A*. I know; because the door was open.

"*Q*. Because the door was open, that is the only way?

"*A*. Yes, sir.

"*Q*. You weren't leaning up against the door, were you?

"*A*. No, sir.

"*Q*. You were a foot away from the door?

"*A*. Yes.

"*Q*. Did anybody shove up against you?

"*A*. No, sir.

"*Q*. Nobody else fell off?

"*A*. Nobody else.

"*Q*. Was the car full on the inside?

"*A*. Yes, sir.

"*Q*. Every seat taken?

"*A*. Well, I didn't look exactly.

"*Q*. You didn't try to go in, did you?

"*A*. Well, because I seen right away the car was full.

"*Q*. Every seat was taken; anybody standing up inside?

"*A*. I think there was.

"*Q*. Do you know there was?

"*A*. Well——

"*Q*. Do you remember anything about it?

"*A*. Yes, I do.

"*Q*. What?

"*A*. Many times——

"*Q*. This time?

"*A*. Well, I ain't sure, maybe, if there was one seat or someone standing up; that is more than I can tell."

The jury found a verdict for the defendant company.

Only three of the assignments of errors are argued and require consideration.

The plaintiff's first assignment of error is to the refusal of the court to charge, upon the plaintiff's request, as follows:

"A carrier owes to its passengers a high degree of care, and the plaintiff, in preserving his equilibrium, had a right to rely upon the protection of the closed door, and it was the duty of the conductor to warn the plaintiff before opening the door suddenly."

The evidence shows that the plaintiff was not leaning against the door; nor was he in such a position that the opening of the door required him to move; nor was he in any way interfered with by the opening thereof. Moreover, it was reasonably to have been inferred from the evidence that there was room for the plaintiff inside the car. The car was coming to a stop, and, in order to allow some passengers to alight, the conductor, in the performance of his duty, opened the door. It was not shown that the door was there as a protection to passengers, nor for the purpose of supporting passengers, but it was clear that one of its purposes was to allow ingress and egress of passengers. Under the circumstances, therefore, this plaintiff, in preserving his equilibrium, had no right to rely upon the protection of the closed door, and it was not the duty of the conductor to warn him before opening it for one of its legitimate purposes. The request was therefore properly refused.

The second assignment of error is to the charge of the court as follows:

"As a general proposition the law says that the defendant company, and its servants as well, were bound to use what is called a high degree of care for the safety of the passengers who entrust themselves to its conveyance. That question is somewhat modified by the fact of Mr. Nirk standing on the platform, if he could get inside the car."

While it is not negligence *per se* for the passenger to ride upon the platform of an electric street railway car (*Scott* v. *Bergen County Traction Co.*, 34 *Vroom* 407), nevertheless a passenger who voluntarily rides on the platform, when there is room for him inside the car, takes upon himself the duty of

looking out for, and of protecting himself against, the usual and obvious perils attendant upon his position, such as the danger of being thrown from the platform by the ordinary jolting and swinging of the car. 3 *Thomp. Negl.* (*2d ed.*), § 3572; *Elliott* v. *Newport Street Railway Co.,* 18 *R. I.* 707; *Watson* v. *Portland & C. E. Ry. Co.,* 91 *Me.* 584; *Burr* v. *Pennsylvania Railroad Co.,* 35 *Vroom* 30; *City Railway Co.* v. *Lee,* 21 *Id.* 435; *New York, &c., Railroad Co.* v. *Ball,* 24 *Id.* 283.

To that extent, certainly, the general proposition that the defendant company, and its servants as well, were bound to use what is called a high degree of care for the safety of the passengers who entrust themselves to its conveyance was modified by the fact that the plaintiff was standing on the rear platform when it was reasonably to have been inferred that he could have gone inside the car if he had so desired.

We think, therefore, that the charge of the court, of which complaint is made, was not in that respect erroneous, in view of the fact that the trial judge, in another part of his charge, correctly stated to the jury the character and extent of the modification of the rule referred to.

We do not overlook, nor did the learned trial judge, the undoubted rule that the occurrence of a sudden lurch or jerk of a street railway car of a sufficient violence to throw a passenger off the platform, who was then preparing to alight, and awaiting the stoppage of the car for that purpose, justifies the inference of a breach of duty upon the part of those operating the car within the maxim *res ipsa loquitur*. *Scott* v. *Bergen County Traction Co., supra.*

The trial judge, in another part of his charge, correctly stated to the jury that rule, at the same time properly, as he was bound to do, in view of the conflicting character of the evidence, calling their attention to the fact that it is not until extraordinary lurching or violence is shown that negligence is to be presumed. *Burr* v. *Pennsylvania Railroad Co., supra; Faul* v. *North Jersey Street Railway Co.,* 41 *Vroom* 795.

The third assignment of error is as to the charge of the court as follows:

"It might be a question whether the conductor would be negligent in opening the door on that side, unless it was in a place where it would be dangerous for passengers to get down. That would be the only reason that would make it negligent to do it at all."

We have heretofore pointed out that it does not appear that the door was maintained for the purpose of assisting passengers in preserving their equilibrium, but rather that one of its purposes was to allow ingress and egress of passengers. It was therefore clearly not negligence to open the door on the north side to enable passengers to alight, unless it was a place where it would be dangerous for passengers to get down. The evidence was most persuasive, if indeed it did not compel the conclusion, that the place where the north door was opened was a safe place to alight, and that it would have been, on account of the snow, unsafe to have let the passengers out on the other side. In this view the charge of the court was not erroneous.

There being no error, the judgment of the court below is affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, DILL, J.J.    12.

*For reversal*—None.