[No. 2544-1.   Division One.   February 11, 1974.]

FRANK G. BRAUHN, *Respondent*, v. SHARON A. BRAUHN,
*Petitioner*.

*Phillips & Wahlstrom* and *Fred B. Phillips*, for petitioner.

*Arthur D. Keil*, for respondent.

HOROWITZ, J.—Petitioner Sharon A. Brauhn, respondent's divorced wife and mother of their three minor boys,

seeks review by writ of certiorari of a decree awarding the boys' custody to Frank G. Brauhn, respondent, their father.

The facts are these. The parties were divorced by decree entered August 3, 1972. At that time the court made no determination concerning custody of the boys, ages 9, 7 and 2, respectively, all born during the marriage. On August 6, 1973, the court awarded temporary custody of the two older boys to the husband and temporary custody of the youngest boy to the wife. On September 21, 1973, after trial, the court decreed that the custody of all three boys should be awarded to the husband. The wife seeks a reversal of the decree and a new trial.

The wife contends (1) certain challenged findings of fact affecting the issue of custody are conclusionary and unsupported by substantial evidence; (2) she was denied a fair trial and due process of law because of claimed bias by the trial judge shown for the first time in his oral opinion, and because the judge relied upon a private interview in chambers with the two oldest boys and then announced his oral decision without sua sponte affording the wife an opportunity to rebut "certain statements" made by the boys during the interview. On review of the record, we find no error and affirm the decree.

There is ample evidence to support the trial court's findings. Credibility of parties and witnesses, and the weight to be given to evidence, is for the trial court. *Rognrust v. Seto*, 2 Wn. App. 215, 467 P.2d 204 (1970). If the trial court's findings are supported by substantial evidence, we may not substitute our findings for the trial court's even if the nonprevailing party's version of the evidence would support a different decree. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). The fact that a finding included in the findings of fact is of a broad and general nature, conclusionary in character, does not destroy the validity of a finding as such.

In the instant case, the court found that since the decree each party had remarried, and "while both marriages are fairly recent, the plaintiff's [father's] has had a longer

period to ripen and mature." Finding of fact No. 4. He further found that "both are concerned with the welfare of the children and have exhibited love for them. That there is no evidence of unfitness of either party." Finding of fact No. 5.

> That the children of the parties appear to be well adjusted and exhibit love and concern for both parents. That the children could adjust to living in either home. That said adjustment, however, can be had easier and with less difficulty with the plaintiff. That the mental health of the children would be better served by remaining with the plaintiff.

Finding of fact No. 6.

> That the plaintiff appears to be more mature and more stable than the defendant and that he could provide a more stable home environment for the children. That all things being equal, a father is better suited to raise boys and a mother better suited to raise girls. That the best interests of these children would be better served by awarding them to the plaintiff.

Finding of fact No. 7. The court awarded permanent custody of all three boys to the father, subject to reasonable visitation rights of the mother. Finding of fact No. 8, conclusion of law No. 1.

Defendant frankly states that she "does not contend that the court abused its discretion in awarding the children to the respondent." Brief of petitioner 4. We shall deal more specifically with challenged finding of fact No. 7 in discussing the question of the trial court's claimed bias.

Petitioner's claim of denial of due process rests on two grounds which are urged notwithstanding she claims no abuse of discretion in the court's award of custody. The first concerns the court's interview with the two older boys. The trial judge first pointed out to the parties that he intended to exercise the statutory power set forth in Laws of 1973, 1st Ex. Sess., ch. 157, § 21, which states in part:

> The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation privileges. The court may permit counsel to be

present at the interview. The court shall cause a record of the interview to be made and to be made part of the record in the case.

The attorneys for each party unconditionally consented to the interview. Each party was given an opportunity to submit questions to the judge for his possible use during that interview. During the interview, the court learned that the father, before the interview, had discussed with the two older boys the questions that might be asked and the answers that might be given. Following the interview, the court did not disclose what he had learned from the boys. Neither party asked for such disclosure. Subsequently, additional testimony was received in open court on the merits of the case. The court then announced its decision in which reasons were stated for awarding custody of the three boys to the father. Thereafter, neither party requested a continuance to permit the reporter's notes of the interview to be written up so that the parties might learn what had occurred and, if necessary, explain or rebut statements made by the children. Petitioner moved for reconsideration on the ground that "substantial justice has not been done" in awarding custody of the youngest child to the father, but made no claim the court's failure to make disclosure sua sponte denied petitioner due process.

■ Petitioner does not contend the interview should not have taken place. She recognizes its value. *Christopher v. Christopher*, 62 Wn.2d 82, 381 P.2d 115 (1963). She contends the court without request on petitioner's part should have disclosed what occurred, including the fact of the father's discussions with the boys before the interview took place. She relies on *Douglas v. Sheffner*, 79 Wyo. 172, 331 P.2d 840, 845 (1958), involving an interview of children conducted in the exercise of the court's inherent power so to do in which the court laid down certain rules to be followed. We do not agree with the contention advanced. The consent to the interview was unaccompanied by any condition on disclosure. The unconditional nature of the

consent is confirmed by the fact that petitioner made no request the court disclose what occurred, nor did she petition for a continuance to have the reporter's notes transcribed so as to enable petitioner to learn what had been said. Petitioner could not stand by speculating on the result of the trial and then, finding the result adverse, claim the court erred in not making a disclosure sua sponte.[1]

Moreover, it may be doubted if petitioner was prejudiced. A transcript of the interview is included in the statement of facts. Nowhere below or on appeal does petitioner point out in just what respects the answers given by the two older children during the interview were erroneous or mistaken. Without such a specification, we are unable to determine that any statements claimed to be erroneous were really erroneous in any material respect. Furthermore, the fact that the father had talked to the children prior to the interview was brought out during the interview. The court presumably exercised whatever caution was required in the statements he accepted.

Petitioner finally contends the court showed bias in entering finding of fact No. 7 that "all things being equal, a father is better suited to raise boys and a mother better suited to raise girls." This finding is consistent with the following statement in the court's oral decision made at the conclusion of the evidence:

> It appears to the Court that in cases, that is between father and mother, all things being equal, fathers are better suited to raise sons and to develop their maleness, while mothers are better suited to raising girls and develop their femininity.

Petitioner contends there is no evidence to support this finding; that it represents a preconceived opinion concerning a fact in the case so material as to disqualify the judge from sitting in judgment on the matter of custody; that a trial before the judge under such circumstances denied pe-

---

[1] We leave open the question whether, upon request for disclosure by a party to the action, disclosure by the court is mandatory or a matter within his discretion.

titioner due process of law so as to entitle her to a new trial.

The claim of bias was not made below, either before or after the trial court's oral opinion. Indeed, notwithstanding petitioner's knowledge of the statement contained in the oral opinion on which petitioner makes a claim of bias, petitioner proceeded nevertheless to move for reconsideration on the merits of the case without mention of the bias now claimed for the first time on appeal. Petitioner made no complaint of the award of custody of the two older boys to the father, complaining only that the court erred in making the award of the youngest child to the father. The motion for reconsideration necessarily proceeded upon the assumption the court was qualified to sit in judgment on the issue of custody of all three children, but that he had erroneously exercised his judgment with respect to the custody of the youngest child.

One who claims a judge trying claimant's case is biased may waive his right to complain thereof by not timely raising the objection and proceeding with trial or continuing with a pending trial as if the judge were not disqualified. This rule is applicable when disqualification of the judge is sought under RCW 4.12.040 and 2.28.030. *State v. Long,* 58 Wn.2d 830, 365 P.2d 31 (1961), *rev'd on other grounds,* 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963); *Bargreen v. Little,* 27 Wn.2d 128, 177 P.2d 85 (1947); *State v. Clark,* 125 Wash. 294, 216 P. 17 (1923); *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 P. 40 (1911); Annot., 73 A.L.R.2d 1238 (1960). We see no reason for not applying a like rule when the disqualification claimed is based on due process grounds. Even a due process right may be waived. *See In re Borchert,* 57 Wn.2d 719, 359 P.2d 789 (1961). Were the rule otherwise a litigant, notwithstanding his knowledge of the disqualifying factor, could speculate on the successful outcome of the case and then, having put the court, counsel and the parties to the trouble and expense of the trial, treat any judgment entered as

subject to successful attack. For other illustrations of the timely objection requirement in order to permit appellate review, *see State v. Jacobsen,* 78 Wn.2d 491, 477 P.2d 1 (1970); *Brown v. Quick Mix Co.,* 75 Wn.2d 833, 454 P.2d 205 (1969); *State v. Reid,* 74 Wn.2d 250, 444 P.2d 155 (1968).

Careful review of the record below shows that the trial court was meticulously fair to both parties. Furthermore, it is at least doubtful whether, in light of specific findings of fact Nos. 4, 5 and 6 above quoted, the latter portion of challenged finding of fact No. 7 was a critical finding. Before the court held applicable the principle that "a father is better suited to raise boys and a mother better suited to raise girls," the court stated it would be necessary that "all things [be] equal." According to findings of fact Nos. 4, 5 and 6, the father in effect was found to be more competent to care for the boys than the mother. A specific illustration of greater competency might be mentioned. The mother was beginning to have discipline problems with the two older boys she could not easily control. The evidence showed, however, the father could control the boys and had a very satisfactory relationship with all three. The plaintiff made a genuine effort to be a good father to the boys, who loved and respected him. The court may well have believed, on the basis of the evidence, that it would serve the best interests of the youngest boy to be with his two older brothers in a common custodial relationship with their father rather than separate the youngest child from the two older children and have the brothers brought up in separate households. By using the phrase "all things being equal," the court undoubtedly meant to convey the thought that all factors must be considered; that only after considering and evaluating them to determine whether all things are equal, the principle criticized by defendant would come into play. The court having determined that all things were not equal, it is unlikely the latter portion of challenged finding of fact No. 7 played a material role in the court

arriving at the conclusion that the boys' custody should be awarded to the father.

There is an additional matter to be considered. There is no claim, nor can there be, that the trial judge was prejudiced against the petitioner as a party litigant. The case here at best is an opinion concerning a father's role vis-a-vis his sons held by many people. It is often held that to disqualify a judge from sitting, it is not enough that the claimed bias be with respect to the subject matter of the lawsuit; it must be with respect to the person of the party litigant. *People v. Sweet*, 19 Cal. App. 2d 392, 65 P.2d 899 (1937); *State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922); *State ex rel. Mitchell v. Sage Stores Co.*, 157 Kan. 622, 143 P.2d 652 (1943); *Leonard v. Willcox*, 101 Vt. 195, 142 A. 762 (1928). Even a preconceived opinion concerning a fact involved in the subject matter of a lawsuit would not necessarily disqualify the judge from sitting. If, for example, a court notwithstanding any opinions he may hold is prepared to keep an open mind and change his opinions in light of the evidence in the case, he would seem to be no more biased in the legal sense than is the juror who, on voir dire examination, reveals a preconceived opinion but is prepared to decide the case based on the evidence and the applicable law. *See People v. Lesse*, 52 Cal. App. 280, 199 P. 46 (1921); *State v. Johnson*, 261 La. 620, 260 So. 2d 645 (1972); *Kadner v. Omaha & C.B. St. Ry.*, 97 Neb. 678, 151 N.W. 169 (1915). There is no evidence here the court had an adverse opinion concerning petitioner as a litigant or had a preconceived theory that petitioner was an unworthy or unfit parent. The manner in which the case was tried indicates the court kept an open mind on the merits of the case and made a conscientious effort to reach a conclusion based on the evidence. The record shows that, after hearing the evidence, the court concluded that the children's best interests would be served by their being awarded to their father. The fact that petitioner states she "does not contend that the court abused its discretion in awarding the chil-

dren to the respondent" supports our conclusion independently reached that the court had a rational basis for the decree entered.

The judgment is affirmed.

FARRIS and JAMES, JJ., concur.

Petition for rehearing denied March 19, 1974.