IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE MEADOWS OWNERS ASSOCIATION, a Washington non-profit corporation, | ) ) ) ) | No. 81754-0-I |
| Plaintiff, | ) ) ) | DIVISION ONE ORDER CORRECTING CAPTION OF OPINION |
| v. | ) ) | |
| JAYAKRISHNAN K. NAIR, and JANE OR JOHN DOES NAIR, spouses or registered domestic partners and the marital community composed thereof, | ) ) ) ) ) ) | |
| Appellants, | ) ) | |
| JOYOUS INVESTMENTS, LLC, | ) ) | |
| Respondent, | ) ) | |
| WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PREMIUM MORTGAGE ACQUISITION TRUST, a Delaware corporation; and FIRST TECH CREDIT UNION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The opinion in this case was filed on January 24, 2022. Wilmington Savings Fund Society, Christiana Trust and First Tech Credit Union, were incorrectly designated in the caption of the opinion. The caption should be corrected in this case to reflect that these parties be listed as defendants; now, therefore, it is hereby

ORDERED that the caption of the opinion previously filed on January 24, 2022, is hereby changed to:

| | |
|---|---|
| THE MEADOWS OWNERS ASSOCIATION, a Washington non-profit corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JAYAKRISHNAN K. NAIR, and JANE OR JOHN DOES NAIR, spouses or registered domestic partners and the marital community composed thereof, | ) ) ) ) ) ) |
| Appellants, | ) ) ) |
| JOYOUS INVESTMENTS, LLC, | ) ) |
| Respondent | ) ) |
| WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PREMIUM MORTGAGE ACQUISITION TRUST, a Delaware corporation; and FIRST TECH CREDIT UNION, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

For the Court:

_____
Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE MEADOWS OWNERS ASSOCIATION, a Washington non-profit corporation, | ) ) ) ) | No. 81754-0-I |
| Plaintiff, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| JAYAKRISHNAN K. NAIR, and JANE OR JOHN DOES NAIR, spouses or registered domestic partners and the marital community composed thereof; WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PREMIUM MORTGAGE ACQUISITION TRUST, a Delaware corporation; and FIRST TECH CREDIT UNION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Appellants, | ) ) ) | |
| JOYOUS INVESTMENTS, LLC, | ) ) ) | |
| Respondent. | ) ) | |

HAZELRIGG, J. — Jayakrishnan K. Nair appeals from the denial of his motion for reconsideration of an order confirming the sheriff's sale of a foreclosed property and to vacate a default judgment against him in the foreclosure proceeding. He alleges that the superior court violated his procedural due process rights and his right to represent himself pro se by disallowing a late-filed motion and denying his oral motion to continue. He also alleges he is entitled to equitable tolling of the

redemption period and that his tender of $1,000 was adequate to redeem his property. Because Nair fails to adequately allege any error, we affirm the superior court.

## FACTS

In May 2017, The Meadows Owners Association (Meadows)[1] filed a complaint for lien foreclosure based on nonpayment of fees for a condominium unit in Snohomish County. Meadows obtained a default judgment against Jayakrishnan Nair and proceeded with a sheriff's sale. Joyous Investments, LLC, (Joyous) purchased the unit at the sale. After the redemption period expired, Joyous moved to confirm the sheriff's sale and issue the deed, which was so ordered by the trial court on August 28, 2018. Nair then moved for reconsideration and to vacate the default judgment, which was denied. Nair timely appealed.

## ANALYSIS

### I. Scope of Appeal

We first note the scope of the appeal before us. A party may appeal only from a final judgment in an action or proceeding, including an order on a motion to vacate a judgment and final orders after judgments that impact a substantial right. RAP 2.2(a)(1), (10), (13). A party has 30 days to file a notice of appeal. RAP 5.2(a). An appellate court will only extend this time in "extraordinary circumstances" to "prevent a gross miscarriage of justice." RAP 18.8(b). While

---

[1] Meadows has not filed a brief or otherwise participated in this appeal. Joyous states in its brief that because Meadows was paid in full after the sheriff's sale, Meadows is not impacted by any of the issues.

Nair emphasizes that he appears pro se, we hold a pro se litigant to the same procedural rules as an attorney. In re Martin, 154 Wn. App. 252, 265, 223 P.3d 1221 (2009).

On August 14, 2018, Nair filed a motion objecting to the sheriff's sale, requesting that the sale be vacated. The trial court denied his motion that same day.[2] Nair filed a motion for reconsideration and to vacate the default judgment on September 7, 2018. It was also denied.[3] The time for Nair to appeal those decisions has long passed, and he has failed to identify any extraordinary circumstances that would compel us to extend the time to appeal. As such, we decline to reach the issue of whether the sale should be set aside on equitable grounds.

Nair also asks this court to determine whether Joyous committed a federal crime. He does not tie this assignment of error to a particular decision of the trial court, does not provide any citations to the record in support of this claim, and fails to provide any legal authority in support of this issue. See RAP 2.2(a), 10.3(a)(6). This question is beyond the scope of this court and we decline to reach it.

Accordingly, our review is limited to Nair's due process challenge, the issue of equitable tolling of the redemption period, and the determination as to the adequacy of his tender for redemption.

_____

[2] The trial court also sanctioned Nair under CR 11 "for engaging in vexatious litigation."
[3] Although the order was not transmitted to this court, both parties appear to agree in their briefing that Nair filed a motion for reconsideration, which was denied.

II.      Due Process Challenge

Nair argues he was deprived of an opportunity to be heard and to represent himself because the trial court disallowed his Interim Response to Motion for Vacating Restraining Order and Issuance of Sheriff's Deed, and denied his oral motion to continue.

We review constitutional challenges de novo.  Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 503, 198 P.3d 1021 (2009).  We review a decision denying a motion to continue for an abuse of discretion, reversing only if the decision is "exercised on untenable grounds or reasons."  Wood v. Milionis Constr., Inc., 198 Wn.2d 105, 133, 492 P.3d 813 (2021).

RAP 10.3(a)(6) requires an appellant in their brief to include the argument in support of the issue "with citations to legal authority and references to relevant parts of the record."  While we construe the Rules of Appellate Procedure liberally, we also hold a pro se litigant to the same procedural rules as an attorney.  RAP 1.2(a); Martin, 154 Wn. App. at 265.

This court "will not consider an inadequately briefed argument."  Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); see also Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court would not consider arguments unsupported by reference to the record or citation of authority); see also Orwick v. City of Seattle, 103 Wn.2d 249, 256, 692 P.2d 793 (1984) ("It is not the function of trial or appellate courts to do counsel's thinking and briefing.").

Nair neglects to do more than cast bare allegations of constitutional and civil rights violations by the trial court. He cites only the Fourteenth Amendment to the United States Constitution, article 1, section 3 of the Washington State Constitution, and section 1654 of Title XXVIII of the <u>United States Code</u>. He fails to lay out the test for procedural due process, to apply law to any facts, and to provide citations to the record in support of his allegations.

Additionally, the trial court was acting pursuant to its discretion under the Snohomish County Local Court Rules, which state "[a]ny material offered at a time later than required by this rule may be stricken by the court and not considered." SNOHOMISH COUNTY SUPER. CT. LOCAL CIV. R. 7(c). Nair's motion was filed June 30, 2020 at 10:59 a.m. The hearing during which the judge disallowed Nair's motion was conducted on June 30, 2020 and docketed at 9:30 a.m. The judge was permitted by the local court rules to disallow any late material, and Nair fails to adequately brief any constitutional challenge to that decision. As such, his argument fails.

Nair likewise fails to make any legal or factual argument regarding the denial of his motion to continue. Without more, we cannot say the trial court abused its discretion in denying the oral motion to continue or violated Nair's due process rights in doing so.

III.    Redemption

Nair next argues he is entitled to equitable tolling of the redemption period because Joyous grossly exaggerated the redemption amount and that his tender of $1,000 was adequate to redeem before the redemption period expired.

Redemption of real property from sale is controlled by Chapter 6.23 RCW. We interpret a statute de novo. Dep't. of Ecology v. Campbell & Gwinn, LLC., 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

A.     Equitable Tolling

Absent an exception, a judgment debtor has 12 months from the date of the sheriff's sale to redeem the property. RCW 6.23.020(1). One such exception equitably tolls the redemption period "when the redemptioner in possession submits a grossly exaggerated statement of the sum required to redeem" such that the judgment debtor "cannot with due diligence ascertain the sum required to redeem within the time remaining." Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

In support of this assignment of error, Nair offers only his bare allegations as to fraud. He asserts that Joyous was not required to pay off a prior deed of trust and should not have, that the interest rate was incorrect, and that Joyous collected more rent than it reported. We agree with Joyous that nothing in RCW 6.23.020(2)(c) required it to pay the senior lien in a particular way to benefit Nair. Nair provides no support to counter Joyous's contention that its only option to stop the trustee's sale for the senior lien was to pay it in full. Joyous, in contrast, provided sworn declarations and accountings about the amounts paid and rents collected during the redemption period.

Joyous correctly asserts that RCW 6.23.020(2) allows a purchaser to collect "[t]he amount of the bid, with interest thereon at the rate provided in the judgment to the time of redemption." (Emphasis added). The July 19, 2017

- 6 -

Order of Default provided a 12 percent annual interest rate. RCW 6.23.090(1) allows a purchaser to obtain insurance for the property, and the clerk's minutes for the hearing suggest that the trial court found Joyous had to pay to insure the property.[4] Nair provides no basis for his assertion that this interest rate or the insurance expenses contravened any law apart from his own bare allegations of misconduct.

Finally, Nair alleges Joyous collected more rents than they reported, claiming the home could have been rented at $1,500 per room per month, based on his own calculations. He offers no legal authority supporting the contention that Joyous as purchaser was required to rent the unit at all, let alone for a particular amount or following a particular business model like the one he offers. Given that Nair had a year to redeem the unit, it was reasonable for Joyous to continue renting to the current tenant. There is nothing about the rental income that suggests a gross exaggeration in Joyous's reporting.

Because Nair has failed to support any of his allegations with law or fact, we affirm the trial court's confirmation of the sheriff's sale to Joyous.

### B. Adequate Tender

Nair next argues his tender of $1,000 on August 5, 2019, was sufficient to redeem or toll the expiration of the redemption period. His argument that this tender was sufficient rests entirely on his allegations of gross exaggeration of expenses and rents, which are unsupported in fact or law. As such, his tender

---

[4] The hearing was not recorded and no written order was transmitted to this court. The parties submitted clerk's minutes generated at the hearing which contain the court clerk's written summary of the proceeding, but nothing more.

of $1,000 was inadequate compared to the $339,823.02 required by statute. RCW 6.23.020(2).

Finding no error in the trial court's rulings, we affirm.

WE CONCUR: